**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**STEVEN DALE RUARK**                                                                          **PLAINTIFF**

**v.**                                              **Case No. 4:13-cv-00283-KGB**

**ARKANSAS DEMOCRAT-GAZETTE, INC.**                                              **DEFENDANT**

<u>**ORDER**</u>

Before the Court is a motion for reconsideration filed by defendant Arkansas Democrat-Gazette ("ADG") (Dkt. No. 26).  The ADG requests that the Court reconsider its May 2, 2014, Opinion and Order denying the ADG's motion for summary judgment, making several arguments in support of the request.

As a threshold matter, the ADG renews its argument that the ADG's statement of undisputed facts should be deemed admitted by the Court because the ADG contends that plaintiff Steven Dale Ruark failed to file a proper response to the ADG's statement of undisputed facts under Local Rule 56.1 and failed to meet proof with proof pursuant to Federal Rule of Civil Procedure 56(e).  Local Rule 56.1(b) states:  "If the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried."  This Court determines that, on the record before it, Mr. Ruark complied with Local Rule 56.1 by filing his verified response to the ADG's statement of undisputed facts (Dkt. No. 16).  The ADG cites non-controlling case law and cases with facts that differ from the instant case in support of its request that the Court deem a verified statement improper under Rule 56(e).  The Court denies the ADG's request to reconsider on this basis.

The ADG also requests that the Court reconsider its determination that a genuine issue of material fact remains for trial on whether Mr. Ruark can establish a "serious health condition" as defined by the Family and Medical Leave Act ("FMLA").  29 U.S.C. § 2611(11).  The ADG cites for the first time in its motion for reconsideration a specific passage from Mr. Ruark's deposition that the ADG contends establishes Mr. Ruark ran the route on March 11, 2011.  At the outset, the Court notes that, "[e]ven if the Court entertained motions for reconsideration, a motion for reconsideration does not allow for the introduction of new arguments or evidence previously available but [that] were, for one reason or another, not presented." *Liberty Mut. Fire Ins. Co. v. Centimark Corp.*, 2009 WL 2177231, at *2 (E.D. Mo. July 22, 2009).

Regardless, the Court has reviewed the deposition passage cited.  Considering this passage in context and in conjunction with the record as a whole, the Court cannot conclude as a matter of law or undisputed fact that Mr. Ruark is unable to establish a serious health condition so as to entitle the ADG to summary judgment.  Even if, as the ADG suggests, Mr. Ruark worked on March 11, 2011, there remain genuine issues of material fact regarding whether Mr. Ruark can establish a serious health condition under the FMLA.

Congress intended the concept of a "serious health condition" to be construed broadly to effect the FMLA's remedial purposes.  *Stekloff v. St. John's Mercy Health Sys.*, 218 F.3d 858, 862 (8th Cir. 2000).  Under the FMLA, an employee plaintiff need only establish that he cannot perform his job, even if that is the only job he cannot perform.  *Id.*  An employee must show that he is unable to perform the functions of his position.  29 U.S.C. § 2612(a)(1)(D).  An employee fulfills this requirement when he cannot work or cannot perform any one of his position's essential functions within the meaning of the Americans with Disabilities Act.  Dep't of Labor, Functions of the Position, 29 C.F.R. § 825.123(a)(2009).  If an employee is absent from work to

receive medical treatment for a serious medical condition, he is considered unable to perform the essential functions of his position during his absence. *Id.*

As this Court observed, based on the record before it, on March 11, 2011, the ADG received a fax from Dr. Walley stating that Mr. Ruark was under Dr. Walley's care, eligible to return to work on March 14, 2011, and should only do "secretarial work" for two weeks (Dkt. No. 9-26). Based on the record before the Court, there are genuine issues of material fact in dispute about why Mr. Ruark was under Dr. Walley's care on March 11, 2011, and what work Mr. Ruark performed, could perform, was expected by ADG to perform, and was excused by ADG from performing based upon Dr. Walley's March 11, 2011, note and the conversations and meetings between the parties. These disputed facts bear on whether Mr. Ruark can establish a serious health condition under the FMLA. The Court will not reconsider its decision on this issue.

The ADG makes several other arguments in support of its motion for reconsideration. The Court has carefully reviewed the record before it, and finds no good cause to reconsider its ruling denying the ADG's motion for summary judgment.

The Court therefore denies the ADG's motion for reconsideration (Dkt. No. 26).

SO ORDERED this 7th day of May, 2014.


_____
UNITED STATES DISTRICT JUDGE